**Harry Burke FRINK, Petitioner–Appellant,**

v.

**The STATE OF IOWA, Respondent–Appellee.**

**No. 91–2916SI.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1992.

Decided July 6, 1992.

---

Drew H. Kouris, Council Bluffs, Iowa, for petitioner-appellant.

Bonnie J. Campbell, Des Moines, Iowa and Thomas McGrane, for respondent-appellee.

Before ARNOLD, Chief Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In this appeal, a state prisoner challenges the denial of his federal habeas corpus petition in which he contended that he was denied effective assistance of counsel in the state procedures. We affirm.

## I.

A. This case stems from a bizarre 1979 incident in which the appellant Frink kidnapped and sexually assaulted two women, one his teenaged sister, for several hours while holding them at gun- and knife-point in a hardware store. After Frink was disarmed and arrested, he was charged in two counts of first-degree kidnapping and two counts of second-degree sexual abuse. Each kidnapping charge carried a life sentence.

B. Frink filed notice of the defenses of diminished capacity and insanity. Two psychiatrists, one of whom Frink selected, examined him and found no support for those defenses.

In denying federal habeas relief, the district court stated:

> The evidence against petitioner, had there been a trial, would have been overwhelming. Both victims and numerous other witnesses were available to testify. The two psychiatrists who evaluated petitioner concluded that at the time of the offenses petitioner was capable of forming specific intent and was capable of appreciating what was right and wrong. Under these circumstances counsel for petitioner negotiated a plea bargain.

Under the plea agreement, Frink pleaded guilty to two counts of second-degree kidnapping (which did not carry a life sentence) and two counts of second-degree sexual abuse. Each of the four counts to which Frink pleaded guilty carried a maximum twenty-five year sentence. The agreement provided that the prosecutor would recommend consecutive sentences and that Frink would not oppose that recommendation.

At the state court sentencing hearing, Frink's attorney (Kaplan) stated:

* DANIEL M. FRIEDMAN, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

Your Honor, normally I would be standing up and saying that we should or we would desire to have a situation where concurrent sentences would be in effect. However, part of the reason that we are here today was that Mr. Frink was originally charged with a life sentence, and due to time-consuming, thought-provoking plea bargaining sessions, a series of sessions with Mr. Mason [the prosecutor], this matter was reduced down to the offenses that we are talking about here today, with the understanding that Mr. Mason would recommend consecutive sentences and that Mr. Frink would not oppose that. And for that reason, Your Honor, I am not making any statement as to concurrent and consecutive sentences.

I would, however, ask the Court for a statement in its order bringing the psychiatric problems of Mr. Frink to the attention of the Director, with the hope that Mr. Frink could be analyzed and evaluated and treated at the Iowa Security Medical Facility at Oakdale. I think that would be of great benefit to Mr. Frink and to society. And hopefully, if everything goes well for Mr. Frink, if there are consecutive sentences, with the understanding of a minimum of five years on each consecutive sentence, that when Mr. Frink turns the age of forty-one that he can come back to society as a rehabilitated, healthy, useful citizen. Thank You.

The court then questioned Frink:

The Court: Mr. Frink, you have heard Mr. Kaplan's statement on your behalf, have you not?

Frink: Yes, sir I have.

The Court: Do you agree with it?

Frink: Yes, sir.

The Court: His remarks were made with your knowledge and consent?

Frink: Yes, sir, they are.

The state court sentenced Frink to four consecutive twenty-five year prison terms. Iowa law required that, because Frink's felonies involved use of a firearm, he was required to serve a minimum of five years of each term. Iowa Code § 902.7.

C. Frink appealed to the Iowa Supreme Court. His appointed appellate counsel (different from trial counsel) moved to withdraw because she discerned no ground on which to challenge the conviction and sentence. The appeal was dismissed.

Frink then filed two unsuccessful post-conviction relief proceedings in the Iowa courts, in each of which he was represented by different counsel, neither of whom was his trial or appellate counsel. In both proceedings, counsel informed the court that there were no grounds for relief, and the state court denied the petition.

D. Frink filed the present petition for federal habeas corpus in the United States District Court for the Southern District of Iowa, contending that he had been denied effective assistance of counsel in the various state court proceedings, in violation of the Sixth and Fourteenth Amendments. He argued that his trial counsel failed to: (1) present mitigating evidence at sentencing; (2) request the court to state its reasons for giving him consecutive rather than concurrent sentences; (3) challenge the court's application of § 902.7; and (4) properly advise him of his right to appeal the sentence on the ground that the court abused its discretion. Frink claimed that his appellate counsel was delinquent in not asserting that Frink has been denied effective assistance of counsel in the trial court and that that court had abused its discretion. Finally, Frink contends that counsel in the first postconviction proceeding failed to press the issues of ineffective assistance of trial and appellate counsel.

In a ten-page opinion, the district court (Wolle, now C.J.) held that "[t]here is no need for an evidentiary hearing," rejected Frink's contentions, and denied the petition.

II.

A. In challenging the effectiveness of counsel, a federal habeas corpus petitioner faces a heavy burden. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

Frink has not sustained his burden. In rejecting Frink's claim that his trial counsel was ineffective, the district court stated:

> Petitioner voluntarily and intentionally pleaded guilty to less serious offenses than [those] with which he was originally charged. As part of the plea agreement petitioner agreed he would not oppose consecutive sentences: the consequences of the agreement were explained very thoroughly to petitioner. The district court accepted the petitioner's plea of guilty to the four charges.

> The petitioner received consecutive sentences, consistent with the prosecutor's recommendation. Petitioner's counsel was not deficient for failing to have the court explain its reasons for sentencing the petitioner where the sentencing was in accordance with the plea agreement.... Counsel did, in fact, file a notice of appeal challenging the sentence imposed. Petitioner's counsel was not deficient in his representation.

We agree with that reasoning and those conclusions, which fully answer Frink's claims regarding the alleged ineffectiveness of his trial counsel.

Far from making errors of constitutional magnitude, Frink's trial counsel appears to have ably and effectively represented him; he secured a substantial reduction in sentence and requested the court to recommend Frink's placement in a state medical facility for treatment of his psychiatric problems. Frink cannot now contend that his lawyer was ineffective for failing to challenge the imposition of consecutive sentences, to which Frink agreed, or for failing to counsel Frink to appeal the sentence on the ground that the sentencing judge abused his discretion.

■ Frink contends that his trial counsel should have challenged the sentencing court's application of § 902.7 (which mandated that he serve five years because a firearm was involved) to each of the four counts to which he pleaded guilty. He apparently contends that because he possessed only one firearm throughout the commission of his crimes, the court should have applied § 902.7 only once, rather than to each count. He relies on the so-called "continuous offense doctrine," which, under the double jeopardy clause, prohibits multiple convictions of a defendant who perpetrates only one, continuous offense. *Cf. Cedar Falls v. Flett,* 330 N.W.2d 251, 257 (Iowa 1983).

This is not a case, however, to which that doctrine applies; Frink pleaded guilty to four separate felonies—two each of kidnapping and sexual assault. He was not convicted of four counts of firearm possession, but received the statutorily mandated minimum confinement for each of the four offenses of which he was convicted. The only question before the sentencing court was whether Frink should serve his sentences consecutively or concurrently, and as we have noted, under the plea agreement the government would recommend consecutive sentences.

Frink's contention that his appellate counsel was ineffective fares no better. His appellate counsel cannot be faulted for concluding that, in view of the plea agreement and Frink's statement at the sentencing hearing, Frink had no valid basis for appealing his conviction and sentence.

■ Frink also challenges the effectiveness of his state appointed counsel in his post-conviction state procedures. Since "[t]here is no constitutional right to an attorney in state post-conviction proceedings, ... a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson,* ___ U.S. ___, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Accordingly, these claims of Frink are not cognizable in federal habeas corpus.

B. For the reasons given in rejecting Frink's challenge to the effectiveness of his trial counsel, the district court also correctly concluded that "[t]here is no need for an evidentiary hearing." Frink has not alleged any facts, or indicated that any evi-

dence is available, that could establish the unreasonableness of his trial or appellate counsel's decisions, *see Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, nor has he pointed to any issues of fact that could not be resolved on the record before the district court. He merely argues that "[i]t would have been interesting to hear testimony from [Frink's counsel] concerning Frink's allegations." This was not enough to require a hearing on his claims.

The order of the district court is *affirmed.*