**STATE of Iowa, Appellee,**

v.

**Jose AGUIAR–CORONA, Appellant.**

**No. 92–1652.**

Supreme Court of Iowa.

Nov. 24, 1993.

Martha M. McMinn of Shuminsky, Molstad & McMinn, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Carol J. Chase, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

After a bench trial, the district court convicted the defendant of three criminal offenses arising out of a fight involving a handgun. Those offenses included (1) going armed with intent, (2) assault while participating in a felony under the statutory alternative of going armed with intent causing serious injury, and (3) willful injury. *See* Iowa Code §§ 708.8, 708.3, 708.4 (1989). The court also found that during the commission of the latter two offenses the defendant was armed with a firearm. The court imposed an indeterminate ten-year sentence on assault while participating in the felony of going armed with intent causing serious injury and an indeterminate ten-year sentence on willful injury. The court then ordered that the two ten-year sentences run consecutively. In addition, the court ordered that the defendant serve a minimum of five years on each sentence because he was armed with a firearm. *See* Iowa Code § 902.7.

The defendant appeals from the judgment and conviction handed down on the offenses of assault while participating in the felony of going armed with intent causing serious injury and willful injury. In his appeal, the defendant raises four issues. First, he raises a double jeopardy claim. The defendant believes that assault while participating in a felony and willful injury are the same offense and therefore he cannot be punished for both.

Second, the defendant relies on a fallback position in his double jeopardy claim. He thinks the legislature did not intend that multiple sentences should be imposed for two separate offenses arising out of a single assault.

Third, the defendant also believes that assault while participating in a felony is a lesser included offense of willful injury. For this reason, he argues that the two should be merged for purposes of sentencing. *See* Iowa Code § 701.9, Iowa R.Crim.P. 6(2).

Last, the defendant challenges the imposition of two mandatory minimum sentences. He argues that the legislature did not intend to permit multiple mandatory minimum sentences for a single assault with a firearm.

After a careful review of the record, we conclude that there is no merit to any of the four issues the defendant raises. We therefore affirm.

I. *Background Facts.*

The facts are largely undisputed. Jose Manuel Aguiar–Corona and Pamela Jean Thorngren were having an affair. At the time Jose was married to Deborah Aguiar. Pamela was married to Robert Eugene Thorngren.

In the early morning hours of April 15, 1989, Pamela drove Jose to his apartment in Sioux City. As the pair pulled up in front of Jose's apartment, Deborah pulled up behind them. Deborah and Pamela began scuffling. Pamela retreated from the scuffle, walked to a nearby phone booth, and called her husband Robert to pick her up.

Robert arrived at the scene with his three children in the car. Pamela got behind the wheel and Robert moved over to the passenger seat. Robert rolled down his window

and began talking with Deborah, who was still in the area.

At this point Jose came out of his apartment and approached the Thorngren vehicle. Robert saw that Jose had a gun. By now Jose had reached the car and was pointing the gun at Robert. Robert left the car and the two men began to fight.

During the fight both men fell to the ground. Three or four shots rang out. One shot hit Robert in the back of the head, another hit him in his left arm. The arm wound resulted in permanent injury.

Jose fled the state shortly after the shooting. He was eventually arrested in California and returned here to face charges regarding this incident.

## II. Background Proceedings.

The State charged Jose in a four-count trial information. Count I alleged attempted murder. See Iowa Code § 707.11. Count II alleged going armed with intent. See Iowa Code § 708.8. Count III alleged assault while participating in a felony under the statutory alternatives of (1) going armed with intent, (2) attempted murder, or (3) willful injury. See Iowa Code § 708.3. Count IV alleged willful injury. See Iowa Code § 708.4. Counts III and IV additionally alleged that Jose was armed with a firearm during the commission of these offenses. See Iowa Code § 902.7.

Jose waived his right to a jury trial and was tried to the district court. See Iowa R.Crim.P. 16. Following the bench trial, the court convicted Jose of Count II (going armed with intent), Count III (assault while participating in the felony of going armed with intent causing serious injury), and Count IV (willful injury).

Before the sentencing hearing, the State filed notice of its intent to ask for consecutive sentences. Jose filed a "sentencing memorandum" in which he raised the issues he reasserts here.

## III. Double Jeopardy and Lesser Included Offenses.

■ A. *Double jeopardy.* Jose's double jeopardy challenge raises a constitutional is-

sue so our review is de novo. See State v. Gallup, 500 N.W.2d 437, 441 (Iowa 1993). The Double Jeopardy Clause of the federal Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This protection is binding on the states through the Fourteenth Amendment to the federal Constitution. Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969).

■ The Double Jeopardy Clause protects against three distinct constitutional violations. These include (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). Jose is focusing on the third prong: multiple punishments for the same offense.

■ On this third prong—multiple punishments for the same offense—we have recognized that "the question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed." State v. McKettrick, 480 N.W.2d 52, 57 (Iowa 1992). Whether the legislature intended multiple punishments based on a single incident depends on the rule of statutory construction articulated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See McKettrick, 480 N.W.2d at 57. That rule provides that

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. If this rule is found applicable, there is a presumption that multiple punishments can be assessed. Missouri v. Hunter, 459 U.S. 359, 367, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543 (1983); McKettrick, 480 N.W.2d at 57.

■ We have recognized that the Blockburger rule is nothing more than the legal

elements test for lesser included offenses reaffirmed by this court in *State v. Jeffries*, 430 N.W.2d 728, 736 (Iowa 1988). *See State v. Clarke*, 475 N.W.2d 193, 194 (Iowa 1991). The legal elements test provides that if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater. *Jeffries*, 430 N.W.2d at 730. In addition, when the statute provides alternative ways of committing the crime, the alternative submitted to the jury controls. *See State v. Steens*, 464 N.W.2d 874, 875 (Iowa 1991).

Jose was charged with assault while participating in a felony under the statutory alternatives of (1) going armed with intent, (2) attempted murder, or (3) willful injury. But the district court convicted him of only one alternative: assault while participating in the felony of going armed with intent causing serious injury. So in applying the legal elements test we compare willful injury and assault while participating in the felony of going armed with intent causing serious injury.

The elements of willful injury and assault while participating in the felony of going armed with intent causing serious injury are these:

**Willful Injury**

1. On or about the _____ day of _____, 19___, the defendant (set forth acts of assault).

2. The defendant specifically intended to cause a serious injury to (victim).
3. (Victim) sustained a serious injury.
I Iowa Criminal Jury Instruction 800.10

**Assault While Participating In the Felony of Going Armed With Intent Causing Serious Injury**

1. On or about the _____ day of _____, 19___, the defendant participated in the felony of going armed with intent causing serious injury.*
2. While [he] [she] participated, [he] [she] committed an assault on (victim).
3. The assault caused a serious injury.
I Iowa Criminal Jury Instruction 800.7
*Going armed with intent includes the following elements:
1. On or about the _____ day of _____, 19___, the defendant was armed with (object or weapon).
2. (Object or weapon) was a dangerous weapon.
3. The defendant was armed with the specific intent to use (object or weapon) against another person.
I Iowa Criminal Jury Instruction 800.15

■ The alleged lesser included offense—assault while participating in the felony of going armed with intent causing serious injury—obviously includes an element that is not part of the greater offense of willful injury. The additional element is the felony of going armed with intent causing serious injury. In other words participating in the felony of going armed with intent causing serious injury is not required to commit willful injury. So, under the *Blockburger* test, the two crimes of which Jose stands convicted are not the same offense. Contrary to Jose's contention, double jeopardy is not implicated at all.

Our double jeopardy analysis, however, does not end here.

Even assuming that assault while participating in the felony of going armed with intent causing serious injury is not a lesser included offense of willful injury, Jose thinks there is still a double jeopardy violation. His reasoning is that the legislature did not intend multiple punishments for two separate offenses arising out of a single assault. In support of his reasoning, Jose relies heavily on our rationale in *McKettrick*.

In *McKettrick*, we said that if the *Blockburger* test shows that the two offenses are not the same offense, there is a presumption the legislature intended multiple punishments for both. But this presumption does

not arise where there is clear legislative intent against multiple punishments for a single act constituting a violation of two separate criminal offenses. This is so, we said, because the *Blockburger* test is merely a rule of statutory construction to discern legislative intent. *McKettrick*, 480 N.W.2d at 57–58.

*McKettrick* is a classic example of legislative intent *against* multiple punishments for two separate offenses arising out of a single act. In *McKettrick* the defendant was convicted of assault *with* the intent to inflict a serious injury and assault *without* the intent to inflict a serious injury. We pointed out that under the plain language of both offenses it is *impossible to commit a single* assault both *with* the intent to inflict a serious injury and *without* the intent to inflict a serious injury. The reason is obvious: one crime negates the intent required for the other. Given this factual and logical inconsistency, we concluded that the legislature could not have intended multiple punishments for both offenses based on a *prosecution for a single assault. Id.* at 58.

■ Contrary to Jose's contention, we have no such inconsistency here. As we said, the two crimes to be compared are assault while participating in the felony of going armed with intent causing serious injury and willful injury. No elements of either offense negate the elements of the other. Contrary to Jose's contention, we conclude therefore that in these circumstances the presumption is that the legislature intended multiple punishments for both offenses even though they arose out of a single assault.

B. *Lesser included offenses.* In our double jeopardy analysis we concluded that assault while participating in the felony of going armed with intent causing serious injury is not a lesser included offense of willful injury. Our conclusion disposes of Jose's contention that both offenses should be merged because one is a lesser included offense of the other. *See* Iowa Code § 701.9 (if person is convicted of two public offenses and one is lesser included offense of the other, sentencing court shall enter judgment of guilty upon only greater offense); Iowa R.Crim.P. 6(2) (defendant may be convicted of offense charged or lesser included offense but not both).

That brings us to the final issue in this appeal.

IV. *Multiple Enhancement Penalties Under Iowa Code Section 902.7.*

The district court imposed two mandatory minimum sentences under Iowa Code section 902.7 which pertinently provides:

if the trier of fact finds ... that the person ... was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law.

Section 902.7 is an enhancement provision rather than a criminal offense. Jose contends the imposition of the two mandatory minimum sentences violated his right against double jeopardy even though the underlying felonies may not have been the same offense. In support of his contention, Jose argues that the legislature did not intend multiple penalties for (1) a single assault (2) committed against a single victim (3) while the defendant was armed with a firearm.

The enhancement penalties here merely mean that as to each offense Jose must serve a minimum of five years of the sentence imposed. Logically, if multiple punishments for the two offenses of which Jose was convicted do not offend double jeopardy, we fail to see how enhancement as to both offenses does. Contrary to Jose's argument, we see nothing in section 902.7 which indicates a contrary intent.

■ The obvious purpose of section 902.7 is to deter the use of firearms by imposition of mandatory minimum penalties. *State v. Powers*, 278 N.W.2d 26, 28 (Iowa 1979). Imposing the mandatory minimum penalties as the district court did in Jose's case promotes that purpose. For that reason and because there is nothing in section 902.7 to the contrary, we can safely say the legislature intended exactly what was done here: imposing multiple enhancement penalties.

■ What Jose is really espousing is the "continuous offense doctrine." Under a

double jeopardy claim, the continuous offense doctrine prohibits multiple convictions of a defendant who commits only one, continuous offense. *Frink v. Iowa,* 968 F.2d 734, 737 (8th Cir.1992). The test for determining whether the continuous offense doctrine applies "is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately.... If the latter, there can be but one penalty." *Blockburger,* 284 U.S. at 302, 52 S.Ct. at 181, 76 L.Ed. at 308.

In *Frink,* the defendant pleaded guilty to two counts of second-degree kidnapping and two counts of second-degree sexual abuse involving two victims. Each offense carried a maximum sentence of twenty-five years. The Iowa district court sentenced *Frink* to four consecutive twenty-five year prison terms. The court also ordered Frink to serve a minimum of five years of each term because he had used a firearm in participating in the crimes against the two victims.

Frink unsuccessfully challenged the convictions in habeas corpus proceedings in federal district court. On appeal he contended that his trial counsel was ineffective because counsel did not challenge the Iowa district court's application of section 902.7 to each of the four counts. The appellate court rejected Frink's contention—similar to the one made here—that because he had only one firearm throughout the commission of the crimes, the sentencing court should have applied section 902.7 only once.

In rejecting this contention, the appellate court in *Frink* explained:

> This is not a case, however, to which [the continuous offense doctrine] applies; Frink pleaded guilty to four separate felonies— two each of kidnapping and sexual assault. He was not convicted of four counts of firearm possession, but received the statutorily mandated minimum confinement for each of the four offenses of which he was convicted. The only question before the sentencing court was whether Frink should serve his sentences consecutively or concurrently, and as we have noted, under

the plea agreement the government would recommend consecutive sentences.

*Id.* at 737.

■ Similarly, here, Jose was found guilty of two separate felonies—assault while participating in the felony of going armed with intent causing serious injury and willful injury. Jose was not convicted of two counts of firearm possession. Rather, he received the mandatory minimum penalty for each of the two offenses of which he was convicted.

## V. *Disposition.*

Jose stands convicted of two separate offenses: assault while participating in the felony of going armed with intent causing serious injury and willful injury. For this reason, the multiple punishments the district court imposed did not violate the Double Jeopardy Clause even though both offenses arose out of a single assault.

Contrary to Jose's contention, no elements of either offense negate the elements of the other. In these circumstances the presumption is that the legislature intended multiple punishments for the two offenses even though they arose out of a single assault.

Assault while participating in the felony of going armed with intent causing serious injury is not a lesser included offense of willful injury. For this reason, the two offenses properly were not merged for purposes of sentencing.

Finally, there is no indication that the legislature intended to prohibit multiple enhancement penalties under Iowa Code section 902.7 for possessing a firearm while committing a forcible felony.

In sum, we conclude the consecutive sentences for the two separate offenses and the two five-year mandatory minimum penalties were proper both constitutionally and statutorily. We therefore affirm.

**AFFIRMED.**