# IN THE COURT OF APPEALS OF IOWA

No. 13-1113
Filed July 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JILLIAN JANE STEWART,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, James D. Scott, Judge.

Jillian Stewart appeals the sentences imposed after her convictions on two charges.  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED SENTENCING ORDER.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick Jennings, County Attorney, and Amy Klocke, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Jillian Stewart was convicted by a jury of two counts: introduction of a controlled substance into a detention facility ("introduction") and possession of a controlled substance ("possession"). Stewart asserts the possession charge is a lesser included offense of the introduction charge, necessitating their merger into a single judgment for the greater offense. Stewart also appeals the district court's order that she pay court costs for a third count that was dismissed on the State's motion.

**I. Factual and Procedural Background**

On December 7, 2012, a Sioux City police officer conducted a traffic stop on Stewart. She and her boyfriend were arrested when a drug dog responded to her vehicle. They were transported to Woodbury County Jail in the officer's squad car. The officer advised her that if she had any drugs hidden on her person when they entered the jail, she could be charged for introducing a controlled substance into the facility. Stewart denied that she possessed any drugs and entered the facility for booking.

The officer reviewed the back-seat camera footage from his squad car and noticed what appeared to be Stewart and her boyfriend struggling to hide a baggie in her pants. The officer requested that Stewart be strip searched. The female correctional officer conducting the search saw and heard a plastic baggie partially hanging out of Stewart's vaginal area. Stewart refused to remove the baggie and was then transported to a hospital for a body cavity search.

At the hospital, a nurse noticed Stewart aggressively shifting around and contorting her body on the examination table while they waited for the physician

to arrive and conduct the search. The physician did not find anything during the search, but immediately afterwards the nurse found a baggie containing methamphetamine in a nook on the side of the examination table. The baggie had not been in the examination room prior to Stewart's arrival.

The State charged Stewart with three criminal counts, two of which were submitted to a jury. The third count, unlawful possession of a prescription drug, was dismissed on the State's motion on May 21, 2013. The district court ordered Stewart to pay the costs of that count. Stewart appeals that order.

One count presented to the jury was introduction of a controlled substance into a detention facility. Iowa Code § 719.8 (2011). The marshaling instructions to the jury on the introduction charge required the State to prove three elements: "1. Woodbury County Jail was a detention facility. 2. On or about the 7th day of December, 2012, in Woodbury County, Iowa, the Defendant introduced a controlled substance into that place. 3. The Defendant was not authorized to do so." The second was possession of a Controlled Substance. Iowa Code § 124.401(5). The marshaling instructions to the jury on the possession charge required the State to prove two elements: "1. On or about the 7th day of December, 2012, the Defendant knowingly or intentionally possessed methamphetamine. 2. The Defendant knew the substance she possessed was methamphetamine."

The jury convicted Stewart of these two counts on May 28, 2013. The district court sentenced Stewart to an indeterminate five-year incarceration term for the first count and a one-year incarceration term for the second, with the sentences to run concurrently. Stewart now appeals the entry of judgment for

the second count, asserting that it is a lesser included offense of the first count. She claims the district court has imposed multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution. She also claims that the district court was required to merge the two counts under Iowa Code section 701.9.

## II. Scope and Standard of Review

Claims of double jeopardy violations are constitutional matters and are reviewed de novo. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). Claims of violation of Iowa's merger statute are reviewed for errors at law. *Id.* Claims of an illegal restitution order are reviewed for errors at law. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

## III. Double Jeopardy and Merger

Iowa Code section 701.9—titled "Merger of lesser included offenses"— provides that "[n]o person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted."[1] Since this provision "codified the double jeopardy protection against cumulative punishment," we answer both Stewart's constitutional and statutory issues by determining whether possession is a lesser included offense of introduction. *State v. Anderson*, 565 N.W.2d 340, 344 (Iowa 1997). We must determine whether the legislature intended the simultaneous commission of these two offenses to be merged into one offense (for which cumulative punishment is improper) or to remain multiple distinct offenses (for which multiple punishments

---

[1] If a defendant is found guilty of two offenses, but one is a lesser included offense of the other, "the court shall enter judgment of guilty of the greater of the offenses only." Iowa Code § 701.9.

are proper). *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Whalen v. United States*, 445 U.S. 684, 688 (1980); *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995).

In Iowa, we have settled on the "impossibility test" in order to determine whether an offense is a lesser included offense of another. *State v. Miller*, 841 N.W.2d 583, 588 (Iowa 2014). The impossibility test is "whether the greater offense cannot be committed without also committing all elements of the lesser offense." *State v. Coffin*, 504 N.W.2d 893, 894 (Iowa 1993). We compare the statutory elements of the two crimes as an aid in applying the impossibility test (i.e. the "strict statutory-elements approach").[2] *See Miller*, 841 N.W.2d at 588; *State v. Jeffries*, 430 N.W.2d 728, 736 (Iowa 1988). If all of the elements of the lesser offense are present in the elements of the greater offense and the greater offense includes at least one element that is not present in the lesser offense, then it is impossible to commit the greater without also committing the lesser. *Miller*, 841 N.W.2d at 588.

"When a statute provides alternative ways of committing the offense, the alternative submitted to the jury controls." *Anderson*, 565 N.W.2d at 344. "Thus, it does not matter that some alternatives of [the greater offense] can be committed without necessarily committing [the lesser included offense] because those alternatives were not charged by the State." *Miller*, 841 N.W.2d at 594.

---

[2] This test is coextensive with the United States Supreme Court's test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), for determining whether two offenses are the same for constitutional purposes. *State v. Aguiar-Corona*, 508 N.W.2d 698, 701–02 (Iowa 1993).

Stewart makes her claim of error at the intersection of statutory alternative charges and lesser included offenses. She asserts the "direct commission alternative" of introduction was the statutory alternative charged.[3] This alternative, she claims, is impossible to perform without also possessing the substance being introduced. To answer this issue, we must determine whether the so-called direct commission alternative of introduction is a cognizable statutory alternative under Iowa law.

We are not persuaded that Iowa Code section 719.8 is a direct commission alternative of introduction charging the defendant with personally carrying the substance into the facility. When Iowa courts have considered the application of statutory alternatives as they pertain to our merger doctrine, the alternatives consistently reference alternative forms of the crime laid out in the statutory language defining the offense. *See Miller*, 841 N.W.2d at 594; *State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974). Within section 719.8, there are no statutory alternative forms of introduction and therefore no direct commission alternative.

Stewart encourages us to rely on reasoning espoused by the United States Supreme Court in *Whalen*, 445 U.S. at 694. Stewart notes that if the language of the conspiracy, aiding and abetting, and joint criminal conduct statutes were introduced into each individual substantive criminal statute, they

---

[3] The term "direct commission alternative" is coined by Stewart in making her case, but it is not currently used in the Iowa Code or by our courts to analyze statutory alternatives. Stewart claims that introduction has four statutory alternatives: (1) the direct commission alternative in section 719.8; (2) a conspiracy alternative in section 706.3; (3) an aiding and abetting alternative in section 703.1; and (4) a joint criminal conduct alternative in section 703.2. Under Stewart's theory, if introduction is charged by reference to section 719.8 only, it is the direct commission alternative, alleging that the defendant personally and physically carried the controlled substance into the facility.

would then be considered statutory alternatives, leaving a bare introduction charge to be the direct commission alternative. The United States Supreme Court in discussing a similar extension of federal law noted, "It is doubtful that [the legislature] could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it." *Whalen*, 445 U.S. at 694. But even if we find the reasoning in *Whalen* persuasive and applicable here, Stewart must go further to show that the bare introduction statutory alternative in section 719.8 can be fairly characterized as a "direct commission" alternative.

This court has previously noted there are multiple ways in which a person may introduce a controlled substance into a detention facility. *State v. Caquelin*, 702 N.W.2d 510, 512 (Iowa Ct. App. 2005). As we noted in *Caquelin*, "it seems self-evident that one might introduce a controlled substance into a detention facility without necessarily being in possession of the substance." *Id.* This observation remains true even if introduction is not alleged to be through conspiracy, aiding and abetting, or joint criminal conduct.

Because Iowa law does not recognize the statute proscribing introduction as a "direct commission alternative," our analysis in *Caquelin* is applicable to the facts of this case. *Id.* at 512–13. The impossibility test leads us to conclude that the legislature did not intend for possession and introduction to be the same offense, and cumulative punishment is permitted.[4] The district court's judgment and sentence for possession of a controlled substance is affirmed.

---

[4] We note, however, that our determination is limited to the offense at issue in this case, and the direct commission alternative theory may be applicable to other statutory offenses.

**IV. Court Costs**

On May 21, 2013, the district court granted the State's motion to dismiss the third count of the trial information for unlawful possession of a prescription drug. The court also ordered that costs from the dismissed count be taxed to the defendant. Stewart notes that Iowa Code section 815.13 explicitly prohibits assigning court costs to a defendant for an action that is dismissed.[5] The State concedes that the assignment to Stewart was improper. We vacate the assignment of costs for the dismissed count.

**V. Conclusion**

Because Stewart's direct commission alternative of introduction is not cognizable as a statutory alternative for merger purposes, the district court's imposition of cumulative punishment is proper, and we affirm. Its assessment of court costs to Stewart for the dismissed count is not authorized by statute and is therefore vacated. We remand for entry of a corrected sentencing order consistent with this ruling.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED SENTENCING ORDER.**

---

[5] "These fees and costs are recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed, in which case the state shall pay the witness fees and mileage in cases prosecuted under state law." Iowa Code § 815.13.