STATE of Iowa, Appellee,

v.

John Ray FINNEL, Appellant.

No. 93–596.

Supreme Court of Iowa.

April 20, 1994.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Paul E. Kittredge, Jr., Asst. County Atty., for appellee.

Considered by CARTER, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

John Ray Finnel appeals from his convictions of second-degree burglary, assault while participating in a felony, and serious assault. *See* Iowa Code §§ 708.2(2), 708.3, 713.5 (1991). Finnel argues that the evidence was insufficient to support a finding that he entered an occupied building with the intent of committing an assault, as required for second-degree burglary and assault while participating in a felony (burglary being the underlying felony). Finnel also asserts that serious assault is a lesser included offense of assault while participating in a felony. Therefore, he claims, his convictions of these offenses must merge. We affirm.

## I. *Background Facts and Proceedings.*

John Finnel and Mary Brown dated for several years before their relationship ended in April 1992. Despite Brown's desire to have no contact with Finnel, he periodically attempted to reassert himself into Brown's life. In July 1992, Brown was in her car at a nightclub when Finnel opened her door, got in the car, and took her keys out of the ignition. Finnel then tried to tear the car door off its hinges. Around the time of this incident, Brown obtained a restraining order against Finnel.

In September, Finnel pleaded guilty to first-degree harassment. In his guilty plea Finnel admitted that he had made threats to Brown that he would kill her.

Late in the evening of November 9 and the early morning of November 10, Brown received threatening phone calls from Finnel. At about 2:00 a.m. on November 10, Finnel kicked in the door of Brown's apartment while she was sleeping. Finnel sat at the end of her bed and said he wanted to talk. Brown told Finnel to leave. When she attempted to call the police, Finnel took the phone from her and threw it. Brown tried to leave the bedroom but Finnel grabbed her around the neck and covered her mouth with his hand. She broke free from his grasp but in the struggle Finnel stepped on her foot. Finnel then blocked her exit from the bedroom insisting that he just wanted to talk to her. Eventually, Brown convinced Finnel to leave.

Brown immediately called the police. The investigating officer testified that Brown was upset, distraught, and hysterical when he arrived. Brown received red marks on her neck and red marks and a bruise on her foot from the assault.

Finnel was charged by trial information with second-degree burglary, assault while participating in a felony, and serious assault. After a bench trial the district court found Finnel guilty of all charges. Finnel was given concurrent sentences on the three convictions.

## II. *Evidence of Intent to Commit an Assault.*

A burglary is committed when "[a]ny person, having the intent to commit a felony, assault or theft therein, ... enters an occupied structure not being open to the public...." Iowa Code § 713.1 (1991). Finnel argues that the evidence was insufficient to show that he intended to commit an assault when he broke into Brown's apartment. Therefore, he concludes he should not have been found guilty of second-degree burglary or of assault while participating in a felony, the burglary being the underlying felony.

"[T]he element of intent in burglary is seldom susceptible to proof by direct evidence." *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). Usually proof of intent will depend upon circumstantial evidence and inferences drawn from such evidence. *Id.* A factfinder may infer an intent to commit an assault from the circumstances of the defendant's entry into the premises and his acts preceding and following the entry. The requirement of proof beyond a reasonable doubt is satisfied if it is more likely than not that the inference of intent is true. *Id.* at 137.

In *Olson* we found that the defendant's violent entry into an apartment, his possession of a dangerous weapon, his assault with the weapon upon the apartment's occupant, and his parting statement to the occupant that he was going to kill his wife made the inference that he entered the apartment with an intent to commit assault

more likely than not true. *Id.* Similarly, the evidence here included Finnel's violent, nonconsensual entry into Brown's apartment, his knowledge that any physical contact between him and Brown would be offensive to her, his threats to kill Brown, and his assaultive actions once inside.

We believe the district court could properly infer Finnel's intent to commit an assault from this evidence. Therefore, there was sufficient proof to support Finnel's convictions of second-degree burglary and assault while participating in a felony.

### III. *Double Jeopardy and Lesser Included Offenses.*

After his convictions of all charges, Finnel requested that the court merge his sentences for serious assault and for assault while participating in a felony. The district court refused to do so, concluding that serious assault was not a lesser included offense of assault while participating in a felony. On appeal Finnel argues that merger of these convictions is required by the Double Jeopardy Clause of the Fifth Amendment and by Iowa Code section 701.9.

■ A. *Standard of review.* To the extent Finnel presents a constitutional double jeopardy claim, our review is de novo. *State v. Godbersen,* 493 N.W.2d 852, 854 (Iowa 1992). To the extent he claims a violation of Iowa Code section 701.9, our review is on error. Iowa R.App.P. 4.

B. *Double jeopardy.* The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). "[T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed." *State v. McKettrick,* 480 N.W.2d 52, 57 (Iowa 1992).

■ To determine legislative intent, we consider whether the crimes meet the legal elements test for lesser included offenses. *State v. Aguiar–Corona,* 508 N.W.2d 698, 701–02 (Iowa 1993). If one crime is a lesser included offense of the other crime, the of-

fenses are the "same" and cumulative punishments cannot be imposed. On the other hand, if one offense is not included within the other, there is a presumption that multiple punishments can be assessed. *Id.* at 701; *McKettrick,* 480 N.W.2d at 57.

■ Under the test for lesser included offenses, the lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. *State v. Jeffries,* 430 N.W.2d 728, 740 (Iowa 1988). We apply this test by putting the offenses side by side and comparing the elements. *State v. Mitchell,* 450 N.W.2d 828, 831 (Iowa 1990). If the lesser offense includes an element that is not required for the greater offense, the lesser is not included in the greater. *Aguiar–Corona,* 508 N.W.2d at 702.

The elements of serious assault are:

1. The defendant committed an assault as defined in section 708.1;

2. The defendant did not have an intent to inflict serious injury upon another; and

3. The defendant caused bodily injury or disabling mental illness.

Iowa Code § 708.2(2) (1991). The elements of assault while participating in a felony are:

1. The defendant committed an assault as defined in section 708.1;

2. The assault was committed while the defendant was participating in a felony; and

3. No serious injury resulted.

*Id.* § 708.3.

■ We find, as the trial court did, that serious assault includes an element of bodily injury not required for assault while participating in a felony. Therefore, serious assault is not a lesser included offense of assault while participating in a felony.

Finnel argues, however, that it is impossible to commit assault while participating in a felony without also committing serious assault because the first element of assault while participating in a felony is the commission of an assault. He contends this reference to assault in section 708.3 embraces all

the various degrees of assault identified in chapter 708, including serious assault. He concludes, therefore, that serious assault is an element of assault while participating in a felony. If he is correct, it would be impossible in the present case to commit an assault while participating in a felony without also committing a serious assault. Under this analysis, serious assault would be a lesser included offense of assault while participating in a felony.

Finnel relies on our decision in *State v. Mitchell*, 450 N.W.2d 828 (Iowa 1990), to support his position. In *Mitchell*, we held that second-degree sexual abuse met the legal test for a lesser included offense of first-degree kidnaping. We observed that first-degree kidnaping includes an element that the defendant intentionally subject the victim to sexual abuse. *Mitchell*, 450 N.W.2d at 831. We decided that the reference in the kidnaping statute to sexual abuse embraced all the various degrees of sexual abuse identified in chapter 709. *Id.* Therefore, we held that all degrees of sexual abuse, including second-degree sexual abuse, could be lesser included offenses of first-degree kidnaping.

Although at first blush it appears that the same reasoning should apply here, we believe there is a significant difference between the kidnaping statute and section 708.3. The kidnaping statute requires that the person kidnapped be subjected to "sexual abuse." Iowa Code § 710.2 (1991). The type of sexual abuse needed is not specified in the statute.

In contrast, section 708.3 specifically requires the commission of an assault "as defined in section 708.1." Consequently, we cannot interpret section 708.3 to encompass all the degrees of assault or to include assault as defined in section 708.2(2). Therefore, the reasoning of the *Mitchell* case does not apply here. We reject Finnel's contention that serious assault is a lesser included offense of assault while participating in a felony.

C. *Lesser included offenses.* Iowa Code section 701.9 provides that no person may be convicted of a public offense that is a lesser included offense of another crime of which the person is convicted. We have already decided in our double jeopardy analysis that serious assault is not a lesser included offense of assault while participating in a felony. This determination disposes of Finnel's contention that section 701.9 requires the merger of these offenses. *Aguiar–Corona*, 508 N.W.2d at 703.

IV. *Summary.*

We find there was sufficient evidence that Finnel entered Brown's apartment with the intent to commit an assault. Therefore, we affirm his convictions of second-degree burglary and assault while participating in a felony.

We also hold that serious assault is not a lesser included offense of assault while participating in a felony. Consequently, the district court did not err in entering judgment on the convictions for both offenses.

**AFFIRMED.**