# IN THE COURT OF APPEALS OF IOWA

No. 13-1093
Filed July 30, 2014

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**PAUL ANTHONY LAMBERT,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.

Paul Lambert appeals from his judgment and sentence for first-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael P. Short, County Attorney, and Artemio M. Santiago, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Paul Lambert appeals his judgment and sentence for first-degree burglary. Lambert contends (i) there is insufficient evidence to support the jury's finding of guilt and (ii) his trial attorney was ineffective in failing to present expert testimony regarding his intoxication defense.

## I. *Sufficiency of the Evidence*

The jury was instructed the State would have to prove the following elements of first-degree burglary:

> 1. On or about September 1, 2012, the defendant broke into a residence at 821 Avenue D, Fort Madison, Iowa.
> 2. The residence was an occupied structure.
> 3. One or more persons were present in the occupied structure.
> 4. The defendant did not have permission or authority to break into the residence.
> 5. The defendant did so with the specific intent to commit a theft or assault.
> 6. During the incident the defendant possessed a dangerous weapon.

On appeal, Lambert only challenges the evidence supporting the fifth element. He contends "[t]here is no indication that the defendant had the intent to commit an assault during the entry of the house" and "did not have intent to commit a theft."

The jury was instructed that "specific intent" means "not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." The jury was further instructed that it "should consider the facts and circumstances surrounding the act to determine the defendant's specific intent" and could "conclude a person intends the natural results of his acts."

A reasonable juror could have found the following facts. Lambert broke into a house, removed his shoes, took a butcher knife from the kitchen, went upstairs, and opened the door of the bedroom where a husband and wife were sleeping. The wife awoke to find Lambert "flicking a lighter and coming toward the bed." She could see he had a knife. He loudly told the couple to lie down, continued to flick the lighter, and trained the knife on the husband. The wife thought, "I was either going to be stabbed; my throat's going to be cut; I'm going to die right here." She ran from the room and headed downstairs only to be followed by Lambert, who caught her on the landing. Lambert grabbed her from behind, ripping her nightgown in the process. The wife pleaded, "Please don't hurt us. What are you doing here?" At that point, Lambert left. After the couple called 911, Lambert was apprehended in the vicinity, with lighters. The knife was discovered in a trash can. These facts amount to substantial evidence in support of the element requiring specific intent to commit an assault or theft. *See State v. Hennings*, 791 N.W.2d 828, 832-33 (Iowa 2010) (setting forth standard of review); *State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994) ("A fact finder may infer an intent to commit an assault from the circumstances of the defendant's entry into the premises and his acts preceding and following the entry.").

We reach this conclusion notwithstanding Lambert's testimony that he consumed large amounts of alcohol that caused him to black out. While a preliminary breath test supported his assertion of excessive alcohol consumption, the jury was free to find that his intoxication defense did not negate his intent to commit an assault. *See State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999) (holding

it is the province of the jury to weigh evidence and credit certain testimony over other testimony). The jurors were instructed as much. They were advised:

> The fact that a person is under the influence of intoxicants does not excuse nor aggravate his guilt. Even if a person is under the influence of an intoxicant, he is responsible for his act if he had sufficient mental capacity to form the specific intent necessary to the crime charged or had the specific intent before he felt under the influence of the intoxicant and then committed the act. Intoxication is a defense only when it causes a mental disability which makes the person incapable of forming the specific intent.

We conclude the district court did not err in denying Lambert's motion for judgment of acquittal.

## II.     *Ineffective Assistance of Counsel*

Lambert claims his trial attorney was ineffective in failing to present expert testimony regarding his intoxication defense. To prevail, Lambert must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to decide the issue on direct appeal. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

On our de novo review, we discern no breach of an essential duty because Lambert's trial attorney pursued an intoxication defense, requested and was granted a continuance to allow Lambert to "be examined by a doctor," arranged for an evaluation with a psychiatrist, determined the psychiatrist would not be able to serve as a trial expert, and elicited testimony from Lambert that the psychiatrist told him, he "wasn't crazy" and thought he was "a normal person."

We conclude counsel was not ineffective in failing to call an expert to support Lambert's intoxication defense.

**AFFIRMED.**