# IN THE COURT OF APPEALS OF IOWA

No. 14-0509
Filed February 11, 2015

**THOMAS JAMES RAUSCH, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

    Thomas Rausch appeals the district court's grant of summary judgment in the State's favor as to his application for postconviction relief. **AFFIRMED.**

    Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

    Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee State.

    Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Thomas Rausch appeals the district court's grant of summary judgment in the State's favor as to his application for postconviction relief. We find Rauch's asserted expansive interpretation of our supreme court's merger case law to be unpersuasive, and we therefore affirm.

### I. Factual and Procedural Background

On the morning of January 24, 2011, Rausch visited the home of his estranged ex-girlfriend. The two had recently separated. He attacked her from behind with a knife by cutting her throat. He then stabbed her repeatedly in different parts of her body. The victim survived the attack.

The State charged Rausch by trial information of three offenses based on the events of that morning: attempted murder,[1] willful injury causing serious injury,[2] and going armed with intent.[3] Following a bench trial, the district court issued its verdict on March 9, 2012. It found Rausch guilty of the attempted murder and willful injury charges, but it acquitted him of the going armed charge. Rausch was sentenced to two indeterminate terms of incarceration—not exceeding twenty-five years for the attempted murder conviction and not exceeding ten years for the willful injury conviction—to run concurrently.

---

[1] A person commits the offense of attempt to commit murder when, "with the intent to cause the death of another person . . . , the person does any act by which the person expects to set in motion a force or chain of events which will cause or result in the death of the other person." Iowa Code § 707.11 (2009).

[2] "Any person who does an act . . . intended to cause serious injury to another commits . . . [a] class "C" felony[] if the person causes serious injury to another." Iowa Code § 708.4(1).

[3] "A person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another commits a class "D" felony." Iowa Code § 708.8.

Rausch appealed the conviction, claiming insufficiency of the evidence foreclosed his convictions. This court affirmed, finding the evidence sufficient to support the convictions. *See State v. Rausch*, No. 12-0816, 2013 WL 1457049, at *1 (Iowa Ct. App. Apr. 10, 2013).

On August 22, 2013, Rausch petitioned the district court for postconviction relief, claiming both the constitutional protections against double jeopardy[4] and the merger provisions of the Iowa Code[5] require the two charges for which he was convicted to merge. He argued the sentencing court's failure to merge the two convictions rendered his sentences unlawful.

The State moved for summary judgment. The district court agreed there was no genuine issue of material fact and employed the impossibility test to determine whether the two charges should merge. It determined the two charges did not merge and granted the State's motion. Rausch appeals.

**II. Standard of Review**

Claims of double jeopardy violations are constitutional matters and are reviewed de novo. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). Claims of violation of Iowa's merger statute are reviewed for errors at law. *Id.* Iowa's merger statute, Iowa Code section 701.9, "codified the double jeopardy protection against cumulative punishment." *State v. Anderson*, 565 N.W.2d 340,

---

[4] "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[5] "No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only." Iowa Code § 701.9.

344 (Iowa 1997).  The application of section 701.9, therefore, determines the outcome of both the constitutional and the statutory claim.  *See id.*

**III. Discussion**

In Iowa, we use the "impossibility test" in order to determine whether an offense is a lesser-included offense of—and therefore one that must merge with—another.  *State v. Miller*, 841 N.W.2d 583, 588 (Iowa 2014).  The impossibility test is "whether the greater offense cannot be committed without also committing all elements of the lesser offense."  *State v. Coffin*, 504 N.W.2d 893, 894 (Iowa 1993).

We compare the statutory elements of the two crimes.  See *Miller*, 841 N.W.2d at 588; *State v. Jeffries*, 430 N.W.2d 728, 736 (Iowa 1988).  If all of the elements of the lesser offense are present in the elements of the greater offense and the greater offense includes at least one element that is not present in the lesser offense, then it is impossible to commit the greater without also committing the lesser.  *Miller*, 841 N.W.2d at 588.

Our supreme court has repeatedly held that the impossibility inquiry is based solely on the elements of the crime charged and that an "'ad hoc factual determination that there is an evidentiary basis'" for the asserted lesser-included offense does not enter into the analysis.  *See id.* at 589 (quoting *State v. Johnson*, 291 N.W.2d 6, 7 (Iowa 1980)); *see also State v. McNitt*, 451 N.W.2d 824, 825 (Iowa 1990); *State v. Jeffries*, 430 N.W.2d 728, 740 (Iowa 1988) ("[W]e look to the statutory elements rather than to the charge or the evidence.").

Nevertheless, Rausch now asserts his convictions should merge based upon the underlying facts of his case.  He claims our supreme court has tacitly

adopted a test used by Indiana courts by which we are to "examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013).[6]

Rausch bases his claim on our supreme court's decision in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006). In *Heemstra*, our supreme court held, "[I]f the act causing willful injury is the same act that causes the victim's death, *the former is merged into the murder* and therefore cannot serve as the predicate felony for felony-murder purposes." 721 N.W.2d at 558 (emphasis added). With this language, Rausch claims, our supreme court appears to merge two charges solely because they are predicated upon the same act. He asserts the district court erred by failing to apply the *Heemstra* holding to the present case.

However, we are not persuaded that *Heemstra* overrides the prevailing law that requires us to analyze the elements of the crimes rather than the specific charge or evidence in the case. Nor does it adopt a factual analysis to be performed as a compliment to the elements test. *Heemstra* is a narrow ruling; it applied only to the context of establishing a predicate felony for the felony-murder rule. *Id.* The court explained the reasoning for its holding by stating, "[W]e should not attribute to the legislature an intent to create an ever-expanding

---

[6] We note the line of Indiana cases to which Rausch cites contemplates the double jeopardy protections afforded by the Indiana state constitution, and these cases therefore have no direct applicability in Iowa even if our supreme court had adopted a similar test. *See Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999).

felony murder rule by characterizing every willful injury as a forcible felony for felony-murder purposes." *Id.* (internal quotations omitted).

The *Heemstra* court's reasoning makes clear that its holding was based only on felony murder considerations, and we will not expand that ruling beyond its expressed scope. To do so would contravene our supreme court's clear dictates in *Miller*. *See Miller*, 841 N.W.2d at 588–89.

Rausch's claim is further contradicted by our supreme court, which has not expanded *Heemstra* and even now continues to eschew factual considerations and apply only the legal impossibility test in merger and double jeopardy cases. *See, e.g.*, *State v. Stewart*, _ N.W.2d _, 2015 WL 115769 at *3 (Iowa 2015) ("[W]e have rejected a factual impossibility test which turns on the specific facts of the case in favor of a more general analysis based on the relationship between the two crimes."). It is clear that our supreme court does not believe its holding in *Heemstra* carries the weight Rausch now ascribes to it.

The impossibility test utilized by the district court was the proper analysis to reach a disposition on Rausch's claim. We rely on our supreme court's prior holding in *State v. Clarke*, 475 N.W.2d 193, 196 (Iowa 1991): "Application of the legal elements test plainly demonstrates that willful injury is not a lesser-included offense of attempted murder."[7] We therefore affirm the district court's grant of

---

[7] Indeed, aside from his assertions regarding *Heemstra*, Rausch concedes, "The district court is correct in concluding that attempted murder does not include the element of actual injury to prove the attempted murder offense while the willful injury does require such an element."

summary judgment in the State's favor.[8]

**AFFIRMED.**

---

[8] Because we affirm based on the district court's application of the impossibility test, we need not reach the parties' arguments regarding whether Rausch's actions constituted multiple discrete, chargeable offenses.