# IN THE COURT OF APPEALS OF IOWA

No. 14-1243
Filed December 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**YARVON NATHANIEL RUSSELL,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

A defendant appeals from the sentences imposed for his convictions of carrying weapons on school grounds and carrying weapons following the revocation of a deferred judgment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Yarvon Nathaniel Russell appeals from the sentences imposed for his convictions of carrying weapons on school grounds and carrying weapons following the revocation of a deferred judgment.

## I. Factual Background

A police officer searched Russell's backpack at North High School and found it contained a loaded nine millimeter handgun. He was charged with carrying weapons on school grounds, in violation of Iowa Code section 724.4B(1) (2011), and carrying weapons, in violation of section 724.4(1). On February 26, 2013, he entered pleas of guilty to both charges. Russell requested and was granted deferred judgments. He was placed on supervised probation for five years. Russell was arrested for a separate offense, and on July 25, 2014, Russell's deferred judgment was revoked. The court sentenced him to a term of five years for carrying weapons on school grounds and two years for carrying a weapon. The sentences were to run concurrently with each other but consecutively with another sentence entered the same date. Russell appeals, contending that the two charges are for the same offense and the sentence on the lesser should be merged into the greater. He contends the failure to merge the two sentences resulted in an illegal sentence.

## II. Preservation of Error

The claim of an illegal sentence can be raised at any time and is not subject to the usual error preservation rules. *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). Failure to merge sentences when merger is appropriate constitutes an illegal sentence. *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

### III. Standard of Review

To the extent that Russell presents a constitutional claim of double jeopardy, the review is de novo. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). But to the extent he presents a claim of a violation of Iowa Code section 701.9, the review is for errors at law. *Id.*

### IV. Discussion

Russell, in his appellate brief, mentions the double jeopardy, or double punishment, prohibition of the U.S. Constitution but substantially relies on the protection against cumulative punishment as provided by Iowa statute and rule. Section 701.9 provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Iowa Rule of Criminal Procedure 2.6(2) provides, "*Prosecution and Judgment.* Upon prosecution for a public offense, the defendant may be convicted of either the public offense charged or an included offense, but not both."

Iowa has adopted the statutory elements or impossibility test for determining whether one offense is included in another or a greater offense arising out of the same factual event. *State v. Braggs*, 784 N.W.2d 31, 35 (Iowa 2010). The issue is whether it is possible to commit the greater offense without committing the lesser offense. *Id.* at 35-36. Accordingly, the analysis is directed toward determining if the lesser offense includes an element not required by the greater offense. *Id.* at 36. There are three general scenarios in which section 724.4(1), carrying a weapon, can be charged: (1) A person goes armed with a

dangerous concealed weapon; (2) a person goes armed with a pistol or revolver or a loaded firearm of any kind, whether concealed or not, within the limits of a city; or (3) a person knowingly carries or transports a pistol or a revolver in a vehicle. Section 724.4B(1), carrying a weapon on school grounds, does not require the weapon to be concealed. Therefore, the first option contains an extra element. The second option requires the firearm to be loaded and the act to take place within city limits. Section 724.4B(1) requires neither. The third option requires the person to knowingly carry or transport the weapon in a vehicle. Section 724.4B(1) makes no such requirement. Each alternative under the carrying weapons charge set out in section 724.4(1) carries with it a requirement that it is not necessary to constitute a carrying weapons on school grounds charge under section 724.4B. The fact that the incident happened within city limits and the gun was loaded does not create a merger because the analysis is to be made without facts specific to the case under consideration. *See State v. Stewart*, 858 N.W.2d 17, 21 (Iowa 2015) (citing *State v. Hickman*, 623 N.W.2d. 847, 850 (Iowa 2001) and *State v. Jeffries*, 430 N.W.2d 728, 737-39 (Iowa 1988)). The two convictions do not merge under section 701.9 or Iowa Rule of Criminal Procedure 2.6(2).

To the extent that the constitutional issue of double jeopardy, or double punishment, is raised, the issue rests on legislative intent. *See Finnel*, 515 N.W.2d at 43. Legislative intent is determined by the legal elements test for lesser-included offenses. *Id.* Double jeopardy or multiple punishments for the same offense does not exist since the carrying weapon charge under section

724.4 is not a lesser-included offense with carrying weapons on school grounds under section 724.4B.

**AFFIRMED.**