# IN THE COURT OF APPEALS OF IOWA

No. 16-1487
Filed September 13, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLINTON JOHN DOIEL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Page County, James S. Heckerman, Judge.

The defendant appeals the trial court's denial of his motion for judgment of acquittal and motion for new trial after a jury convicted him of one count of burglary in the second degree and one count of burglary in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Clinton Doiel appeals the denial of his motion for judgment of acquittal and motion for new trial after a jury convicted him of one count of burglary in the second degree and one count of burglary in the third degree. He argues the evidence was insufficient to support the verdict and the weight of the evidence is contrary to the verdict. We affirm.

**I. Background Facts and Proceedings.**

On April 20, 2016, Doiel was charged by trial information with two counts burglary in the second degree and one count burglary in the third degree, pursuant to Iowa Code sections 713.5 and 713.6A (2016), respectively. The charges were based on reports of missing pain medication from residents of units in the apartment complex where Doiel resides.

At trial, two of Doiel's neighbors testified about an encounter with Doiel at their respective units. Antone Ranner stated he was returning to his apartment when he witnessed Doiel exiting Ranner's front door. Ranner stated the apartment was locked and Doiel did not have permission to enter the apartment. Later Ranner discovered sixty Percocet pills were missing from his apartment; Doiel knew about the pills. Ranner also testified about recent break-ins at the apartment complex. He stated another neighbor had shown him and Doiel how to open a locked apartment door using a credit card.

Beverly Ryan, Doiel's neighbor, testified that she awoke on April 8 to Doiel standing at her bedroom door. She stated her apartment door was locked before she fell asleep and Doiel did not have permission to enter the apartment. Ryan

stated some of her pain-relief medication was missing after Doiel's unauthorized entry.

Following the State's case-in-chief, Doiel moved for a judgment of acquittal. The trial court denied the motion. After trial, the jury convicted Doiel of one count burglary in the second degree and one count burglary in the third degree. Doiel then filed a motion for new trial, which the trial court summarily denied, stating, "Defendant's motion for new trial is overruled." Doiel appealed.

## II. Standard of Review.

We review challenges to the sufficiency of evidence for correction of errors at law. *State v. Shorter*, 893 N.W.2d 65, 70 (Iowa 2017). "We will affirm a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *Id.*

"We review the trial court's ruling on a motion for new trial for abuse of discretion." *Id.*

## III. Discussion.

### a. Sufficiency of the Evidence.

Doiel claims the evidence is insufficient to establish the intent element of the charged crimes. The State claims Doiel's unauthorized presence in the apartments, his knowledge of the existence of the pills, and the missing property establishes intent.

Burglary in the second and third degree requires the specific intent to "commit a felony, assault, or theft" in an occupied structure. Iowa Code § 713.1. "[I]ntent is seldom proved by direct evidence, but rather is usually established by inference." *State v. Taylor*, 689 N.W.2d 116, 129 (Iowa 2004). "An intent to

commit theft may be inferred from an actual breaking and entering of a building which contains things of value." *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000); *see also State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994) (holding intent may be inferred from the circumstances of the entry into the premises and the defendant's acts preceding and following the entry).

When reviewing claims of insufficient evidence, we review the record "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). The jury's verdict will not be disturbed if the evidence in the record "can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

Here, Doiel had knowledge of the pills in Ranner's and Ryan's apartments. Ranner witnessed Doiel exiting his apartment and later discovered sixty pills were missing. Ryan also discovered Doiel in her apartment without permission. Following the unauthorized entry by Doiel, Ryan's pain medication was missing. A rational jury could infer the defendant intended to enter the apartment to steal the pills. *See Oetken*, 515 N.W.2d at 42. The district court did not err in denying the defendant's motion for judgment of acquittal.

**b. Weight of the Evidence.**

Doiel claims the district court abused its discretion in denying his motion for new trial. He argues the verdicts were not supported by the weight of the evidence.[1]

---

[1] Doiel also claims the district court was required to make specific findings in its order denying Doiel's motion for new trial. The trial court's order stated, "Defendant's motion

"On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Neiderbach*, 837 N.W.2d 180, 211 (Iowa 2013). "A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (quoting *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006)). The weight-of-the-evidence standard is "more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered." *Id.* "[A] motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict." *Id.*

Here, the State presented two witnesses who testified Doiel was in their respective apartments without permission. The witnesses also testified pain medication was missing from their apartments after Doiel's unauthorized entry. While defense counsel attempted to raise doubt about the witnesses' recollection of the events, their testimony was consistent, detailed, and supported by other evidence. *See State v. Frake*, 450 N.W.2d 817, 819 (Iowa 1990) (holding consistency of statements, memory, knowledge of the facts, and the witness's interest in the trial are valid credibility considerations). Little controversy exists in

for new trial is overruled." Doiel concedes a trial court's failure to make specific findings will not result in an automatic reversal, so long as the record is sufficient to review the decision. *See Maxwell*, 743 N.W.2d at 193. We believe the record before us is adequate, and "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

the record over the facts of the case. The trial court did not abuse its discretion denying Doiel's motion for new trial.

**IV. Conclusion.**

Viewing the evidence in the light most favorable to the State, the evidence is sufficient to support the verdict. Additionally, the weight of the evidence is not contrary to the guilty verdicts.

**AFFIRMED.**