# IN THE COURT OF APPEALS OF IOWA

No. 17-0548
Filed February 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMAL LEVON RANDOLPH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

A defendant appeals his conviction for first-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Jamal Randolph appeals his conviction following a bench trial for first-degree burglary, in violation of Iowa Code section 713.3(1)(c) (2016). Randolph contends there was insufficient evidence in the record to prove he had the specific intent to commit an assault when he entered the residence. Sufficiency of evidence claims are reviewed for a correction of errors at law. *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). We consider all of the record evidence viewed "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* at 640. This includes all the evidence presented, not just the inculpatory evidence. *Id.* A verdict of guilty is upheld when it is supported by substantial evidence. *Id.*

A burglary is committed when "[a]ny person, having the intent to commit a felony, assault or theft therein, . . . enters an occupied structure, . . . not being open to the public, . . . [or] remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired . . . ." Iowa Code § 713.1. Usually proof of intent will depend upon circumstantial evidence and inferences drawn from such evidence. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). "A factfinder may infer an intent to commit an assault from the circumstances of the defendant's entry into the premises and his acts preceding and following the entry." *Id.* (citing *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985)).

In its order, the district court found:

The evidence presented shows beyond a reasonable doubt that [Randolph] was not invited into nor was he given permission to enter [the residence] and on the contrary pushed his way into the residence. The evidence also shows that he had previously been told not to be at the residence by the lawful occupant thereof . . . .

The evidence also shows that [Randolph] entered the premises with the specific intent to commit an assault as is shown by the fact that [he] chased [L.N.] around the residence, forced his way into the residence when the door opened, and upon entering the residence immediately chased [L.N.] into the kitchen where he started hitting both [L.N.] and [M.P.] upon cornering them in the kitchen. The evidence also shows that [M.P.], [L.N.] and [T.R.] all suffered injuries as a result of [Randolph] striking them.[1]

Upon our review, we find the district court's verdict was based on substantial evidence that Randolph intended to commit an assault as he forced his entrance into the residence or, in the alternative, he formed the intent to commit an assault during the time he remained in the residence despite having his privileges to be there revoked. We affirm Randolph's conviction without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**

---

[1] L.N. is Randolph's former girlfriend, M.P. is L.N.'s daughter and the owner of the home where the burglary took place, and T.R. is L.N.'s friend, who happened to be at the home when Randolph arrived.