# IN THE COURT OF APPEALS OF IOWA

No. 18-1855
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TONDALAYA BRIDGES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Tondalaya Bridges appeals her conviction and sentence for first-degree burglary. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

In February 2017, Tondalaya Bridges forced her way into Ashley Martin's apartment without permission and hit Martin on the head with a bottle. The State charged Bridges with one count of first-degree burglary. A jury found her guilty as charged, and the court sentenced Bridges to serve an indeterminate term of incarceration not to exceed twenty-five years. Bridges appeals.

Bridges first alleges her trial counsel was ineffective in failing to move for a new trial because the jury's verdict was against the weight of the evidence.[1] We review ineffective-assistance-of-counsel claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, a defendant must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

A motion for new trial should be granted only in exceptional cases. *See State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). In evaluating the weight of the evidence, the court considers whether a greater amount of credible evidence supports the verdict than supports the alternative verdict. *See id.* at 706. The weight-of-the-evidence standard

> is broader than the sufficiency-of-the-evidence standard in that it permits the court to consider the credibility of witnesses. Nonetheless, it is also more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered. The question for the court is not whether there was sufficient credible evidence to support the verdict rendered or an alternative verdict, but whether "a greater amount of credible

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.7 that prohibit consideration of ineffective-assistance-of counsel claims on direct appeal apply only prospectively and not to cases, like this one, pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

evidence" suggests the verdict rendered was a miscarriage of justice.

*Id.* (internal citations omitted).

Bridges argues the verdict went against the weight of the evidence because she could not form the necessary intent to commit the crime based on her intoxication. To commit first-degree burglary, a person must have the specific intent to commit a felony, assault, or theft. *See* Iowa Code § 713.2 (2017). Intoxication may provide a defense if it negates the specific-intent element of the crime. *See id.* § 701.5. But mere drunkenness or use of intoxicants is not enough. *See State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015), *overruled on other grounds by Alcala v. Marriott Int'l Inc.*, 880 N.W.2d 699, 708 (Iowa 2016). The level of intoxication must render the accused incapable of forming the specific intent to commit the crime. *See id.* at 261. Because there is rarely direct evidence of intent, we may infer it from the circumstances and the defendant's actions. *See State v. Keeton*, 710 N.W.2d 531, 534 (Iowa 2006).

During the altercation, Martin stabbed Bridges in the chest and neck. After her transport to the hospital for treatment of injuries, Bridges's blood alcohol level tested at .150. And though she claims she drank alcohol laced with the ecstasy, a screen of Bridges's urine was negative for drugs. The emergency-room doctor who treated Bridges testified he "was somewhat surprised" by her blood alcohol level because he typically sees the degree of unresponsiveness exhibited by Bridges with "a much higher level of blood alcohol." He also testified that the amount of blood Bridges lost from the stabbing could have contributed to the decline in her responsiveness. Bridges's level of intoxication does not

preponderate heavily against the verdict because the evidence shows she could still form specific intent.

Bridges's conduct on the night in question shows she had specific intent to commit an assault when she entered Martin's apartment. Bridges and Martin had fought earlier in the night. After the first fight, Bridges went to Martin's apartment while Martin was out and upended Martin's belongings. When she returned to the apartment later, Bridges overpowered Martin's daughter to force her way inside and hit Martin in the head with a bottle she had been holding when she entered. *See State v. Finnel*, 515 N.W.2d 41, 42-43 (Iowa 1994) (finding that the defendant's intent to commit an assault could be inferred from evidence of his "violent, nonconsensual entry" into another's apartment, knowledge that the complaining witness wanted no contact with him, prior threats of violence against her, and assaultive actions after entry). Because a finding that Bridges had the specific intent to commit an assault is not against the weight of the evidence, counsel had no duty to move for new trial. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (noting counsel has no duty to raise a meritless issue).

Bridges also challenges her sentence because the district court ordered her to pay court costs without first considering her reasonable ability to pay.[2] Under Iowa Code section 910.2(1), the sentencing court must order an offender to pay

---

[2] The State argues this challenge is premature because the plan of restitution is not complete. We disagree. Although the supreme court has stated "[r]estitution orders entered by the court prior to the final order are not appealable as final orders," *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019), both of Iowa's appellate courts have often vacated restitution-related orders absent a final restitution order. *See State v. Moore*, No. 18-1877, 2019 WL 4297255, at *5 n.3 (Iowa Ct. App. Sept. 11, 2019) (collecting cases), affirmed in part and vacated in part on other grounds, *State v. Moore*, 936 N.W.2d 436, 440 (2019).

fees and costs as restitution "to the extent that the offender is reasonably able to pay." *See also State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019).  Because the district court ordered Bridges to pay court costs without first considering her reasonable ability to pay as outlined in *Albright*, we vacate this portion of the sentencing order and remand the matter to the district court to impose restitution consistent with Bridges's reasonable ability to pay.  *See State v. Headley*, 926 N.W.2d 545, 553 (Iowa 2019).

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**