# IN THE COURT OF APPEALS OF IOWA

No. 19-1354
Filed October 20, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LER HE GAY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul Huscher, Judge.


Ler He Gay appeals after a jury found him guilty of first-degree burglary, going armed with a concealed weapon, and fourth-degree theft. **CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED FOR RESENTENCING.**


Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


Considered by Bower, C.J., Schumacher, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DOYLE, Senior Judge.**

Ler He Gay appeals his convictions and sentences after a jury found him guilty of first-degree burglary, going armed with a concealed weapon, and fourth-degree theft. He challenges the sufficiency of the evidence supporting his burglary and theft convictions and argues the district court abused its sentencing discretion. He also alleges ineffective assistance of trial counsel.

**I. Background Facts and Proceedings.**

Emily Freedman returned home to find several strangers in the attached garage of the home she owns with her husband, Levi Freedman. The group fled when they noticed her vehicle approaching on the driveway leading to the garage. Emily chased them until they disappeared into the woods behind the home. She later identified Gay as one of the group. A Porsche was parked in the garage, and its key was kept in a cup holder inside the vehicle. After the intruders left, Levi discovered that the Porsche key and a bicycle were missing from the garage.

Gay was still in the vicinity of the home when he was stopped by law enforcement a short time later. During the search of his person, an officer found a nine-millimeter pistol and holster in the waistband of Gay's pants and a loaded magazine in his pocket. The State charged Gay with first-degree burglary, trafficking in stolen weapons, carrying weapons, and two counts of third-degree theft. The trafficking count and one of the theft counts were severed, and the remaining theft count was amended to fourth-degree theft.

After trial, a jury found Gay guilty of first-degree burglary, going armed with a concealed weapon, and fourth-degree theft. The district court sentenced Gay to a term of twenty-five years in prison with a mandatory minimum sentence of five

years for burglary. It also sentenced Gay to a two-year term of imprisonment for carrying a concealed weapon and a one-year term for theft and ordered all three sentences to run concurrently. Gay appeals.

**II. Sufficiency of the Evidence.**

We first consider Gay's challenges to the evidence supporting his burglary and theft convictions. We review claims of insufficient evidence for correction of errors at law to determine whether substantial evidence supports the conviction. *See State v. Buman*, 955 N.W.2d 215, 219 (Iowa 2021). Substantial evidence is evidence that would convince a jury that the defendant is guilty beyond a reasonable doubt. *See id.* We view the evidence, and all reasonable inferences one can make from it, in the light most favorable to the State. *See id.*

**A. Burglary.**

The district court instructed the jury that to find Gay guilty of first-degree burglary, the State had to prove all of the following:

> 1. On or about September 12, 2018, the defendant, Ler He Gay, entered Emily and Levi Freedman's residence.
> 2. Ler He Gay entered the residence with the specific intent to commit a theft.
> 3. Emily and Levi Freedman's residence was an occupied structure as defined in Instruction No. 14.
> 4. One or more persons were present in the occupied structure.
> 5. Ler He Gay did not have permission or authority to enter Emily and Levi Freedman's residence.
> 6. Emily and Levi Freedman's residence was not open to the public.
> 7. During the incident Ler He Gay possessed a dangerous weapon.

Gay does not contest that the garage is a building that contains valuable things or challenge the homeowner's identification of him as one of the group she found in

the garage without permission. He only disputes the evidence showing he had the specific intent to commit a theft when he entered the garage. In support of his argument, he notes that he was not found in possession of any burglary tools or property that belonged to the homeowners.

Because direct evidence of a defendant's specific intent is rare, we rely on circumstantial evidence and the reasonable inferences drawn from it to deduce the defendant's specific intent. *See State v. Ernst*, 954 N.W.2d 50, 55 (Iowa 2021). "The requirement of proof beyond a reasonable doubt is satisfied if it is more likely than not that the inference of intent is true." *Id.* at 57 (quoting *State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994)). One can reasonably infer an intent to commit theft "from the evidence of surreptitious entry and other circumstances." *Id.* at 55 (quoting *State v. Sangster*, 299 N.W.2d 661, 663 (Iowa 1980)).

Viewing the evidence in the light most favorable to the State, we conclude a reasonable juror could infer from the circumstantial evidence that Gay had the specific intent to commit a theft when he entered the garage. The State proved that Gay entered the garage, which contained things of value. "An intent to commit theft may be inferred from an actual breaking and entering of a building which contains things of value." *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000). Although Gay was not in possession of any of the homeowners' items when he was stopped, the Porsche key missing from the garage was found in the possession of one of his cohorts. The jury could also infer an intent to commit theft based on the evidence that Gay and the others fled the garage when they noticed a vehicle approaching it. Around the same time that the group disappeared into the woods behind the home, a neighbor heard "this big crashing noise" and saw

four individuals "running in a row, very intensely and quickly, like very fast" through the woods. The neighbor watched as they slowed to a stop and turned to look back from where they had come before doing a celebratory dance. The jury could infer the group was celebrating that they had evaded capture after committing the theft. And in view of all the circumstances presented, the fact that one of the group carried an empty back pack also lends some support to a reasonable inference that the group intended to commit a theft when they entered the garage.

**B. Theft.**

On the theft charge, the district court instructed the jury that in order to find Gay guilty, the State had to prove the following:

> 1. On or about September 12, 2018, the defendant Ler He Gay, took possession or control of property belonging to Levi and Emily Freedman.
> 2. The defendant did so with the intent to deprive Levi and Emily Freedman of the property.
> 3. The property, at the time of the taking, belonged to Levi and Emily Freedman.

The court also instructed the jury it could find Gay guilty of theft by aiding or abetting its commission if he

> knowingly approve[d] and agree[d] to the commission of a [theft], either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed. Conduct following the crime may be considered only as it may tend to prove [Gay]'s earlier participation. Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."

Gay argues there is insufficient evidence of his guilt because the key was found on another person. He also claims there is nothing to indicate he knew it was taken or aided and abetted in its taking.

In order to aid or abet in the commission of a crime, one must know of the crime at the time of or before its commission. *See State v. Henderson*, 908 N.W.2d 868, 876 (Iowa 2018). But knowledge alone is insufficient. *See id.* The accused must also assent to or lend countenance and approval to the crime by actively participating in or encouraging its commission in some manner, either before or during its commission. *See id.* Guilt is therefore shown by facts that show the part the defendant had in its commission. *See id.*

Substantial circumstantial evidence shows Gay aided and abetted in the theft of the Porsche key. Gay was in the garage with the person who was later found in possession of the key. His act of fleeing with the others shows his knowledge of the theft at the time of its commission. A jury could also infer from the presence of a gun on Gay's person that he had prior knowledge of the theft and believed a gun might be needed

Because substantial evidence supports Gay's burglary and theft convictions, we affirm.

**III. Sentencing.**

We turn our focus to Gay's challenge of the sentence imposed on his burglary conviction. We review a sentence for correction of errors at law. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). But we reverse a sentence only if there was an abuse of discretion or defect in the sentencing procedure. *See id.* Unless a sentence is mandatory, the failure of the district court to exercise its discretion in sentencing is an abuse of discretion. *See State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019).

The district court sentenced Gay to a twenty-five year sentence on his burglary conviction with a minimum sentence of five years. *See* Iowa Code §§ 902.7 (2018) (imposing a five-year minimum sentence "if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person . . . was armed with a dangerous weapon while participating in the forcible felony"), 902.9 (setting a maximum sentence of twenty-five years for class "B" felonies). Because this is Gay's first conviction of a forcible felony while armed with a dangerous weapon, Iowa Code section 901.10(1) gave the court discretion to impose a lesser sentence "if mitigating circumstances exist and those circumstances are stated specifically in the record." Gay argues the district court failed to exercise that discretion.

A district court's failure to exercise sentencing discretion requires resentencing. *See State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). Because sentencing decisions "are cloaked with a strong presumption in their favor," Gay must show the district court failed to exercise its discretion because it was unaware of it. *Id.* at 29. If the record is unclear as to whether the court knew of its discretion under section 901.10(1), we presume the court was aware of its discretion and declined to exercise it. *See id.*; *State v. Russian*, 441 N.W.2d 374, 375 (Iowa 1989) (holding the sentencing court is not required "to note the absence of mitigating circumstances every time it declines to apply section 901.10"). But an abuse of discretion occurs when the record "is clear the sentencing court incorrectly believed it had no discretion as to the five-year mandatory minimum sentence requirement in section 902.7." *Ayers*, 590 N.W.2d at 29. The State argues this is a case of the former—that the district court knew of its discretion and declined to

exercise it. It notes that Gay's attorney failed to cite section 910.1(1) or cite any mitigating circumstances during the sentencing hearing. Gay concedes his attorney failed to argue mitigating circumstances but argues the record is clear that the district court did not believe it had discretion in sentencing.

At the sentencing hearing, Gay's attorney told the court that her "ability to request different sentencing options [was] very limited," with counsel stating she could not "ask for anything less than a 25-year indeterminate term with a five-year mandatory." During her brief remarks, Gay's attorney did not cite to any mitigating circumstances. Given the opportunity to address the court regarding his offenses or sentences, Gay only stated that he wished it could lower his sentence. In response, the court stated:

> Mr. Gay, the Court doesn't have the ability to alter the sentence on the first-degree burglary charge. The Code requires, upon a conviction of burglary in the first degree while carrying or possession of a dangerous weapon, that the sentence is a mandatory one and that sentence will be imposed.
> It is a sentence not to exceed twenty-five years, a mandatory minimum sentence of five years.

The record shows the district court did not believe it had discretion in sentencing. The court did not mention section 901.10(1) at the sentencing hearing or in its order. Nor did it discuss any mitigating factors. Its statements at the sentencing hearing—that it did not have the ability to alter the sentence and that the Code requires a mandatory sentence—indicate the court was unaware of its discretion to sentence Gay for anything less than a twenty-five year sentence with a mandatory minimum of five years. Because the court failed to exercise its discretion in imposing sentence on Gay's burglary conviction, we vacate the sentence imposed on that conviction. We remand for resentencing. On remand,

the district court may either allow the sentences for Gay's other convictions to stand or resentence on all counts if it determines it should revisit the entire sentencing scheme.

### IV. Ineffective Assistance of Counsel.

Gay contends his trial counsel was ineffective for failing to inform the district court of its sentencing discretion under section 901.10(1). We are not allowed to address Gay's claim of ineffective assistance on direct appeal. Iowa Code § 814.7 (Supp. 2019); *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021). To the extent Gay challenges section 814.7, our supreme court has rejected such claims. *See State v. Treptow*, 960 N.W.2d 98, 107-08 (Iowa 2021) (rejecting claims that the amendment violates due process and deprives a defendant of the right to effective assistance of counsel); *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021) (rejecting claim that the amendment violates the separation-of-powers doctrine). To the extent Gay argues, in the alternative, that we should adopt the plain error rule, our supreme court has refused to do so. S*ee Treptow*, 960 N.W.2d at 109.

We affirm Gay's convictions, vacate his burglary sentence, and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED FOR RESENTENCING.**